IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARY P. SWEARINGEN and JOSHUA OGDEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>YUCATAN FOODS, L.P.,<br><br>    Defendant.<br>_____/ | No. C 13-3544 RS<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION AND DISMISSING ACTION WITHOUT PREJUDICE** |

   Plaintiffs in this putative class action claim use of the term "evaporated cane juice" by Yucatan Foods, L.P. ("Yucatan") is unlawful in light of federal food labeling laws and regulations and therefore violative of California's Sherman and Unfair Competition Laws. Yucatan previously moved to dismiss on various grounds, including that the subject matter of the suit falls within the primary jurisdiction of the Food and Drug Administration ("FDA"). That motion was denied in an order issued February 7, 2014. On the issue of primary jurisdiction, that order concluded: "Although the FDA has not issued any final guidance directly addressing the term 'evaporated cane juice,' it has provided guidance in the form of regulations concerning the terms 'sugar,' 'juice,' and 'cane syrup' such that the issue presented here is hardly one of 'first impression' necessitating its

1  commitment to the agency. The fact that the FDA has not yet finalized the draft guidance issued
2  more than four years ago, and that it continues to issue warning letters consistent with that position,
3  further suggests the agency does not view the issue as unsettled. In sum, the question presented here
4  does not require dismissing or staying this litigation pending final agency resolution of this
5  question."

6  On March 5, 2014, the FDA issued a notice in the Federal Register reopening the comment
7  period for the draft guidance first issued on October 7, 2009, relative to the use of the term
8  "evaporated cane juice." That notice stated: "We have not reached a final decision on the common
9  or usual name for this ingredient and are reopening the comment period to request further
10 comments, data, and information about the basic nature and characterizing properties of the
11 ingredient sometimes declared as ''evaporated cane juice,' how this ingredient is produced, and how
12 it compares with other sweeteners." (Dkt. No. 40-2, Ex. A.) In light of this notice, Yucatan has
13 moved for reconsideration of the court's prior order.

14 As explained in that order, the primary jurisdiction doctrine applies when there is: "(1) [a]
15 need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an
16 administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or
17 activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in
18 administration." *Clark v. Time Warner*, 523 F.3d 1110, 1115 (9th Cir. 2008). The doctrine of
19 primary jurisdiction may only be properly invoked "in a limited set of circumstances"; it "is not
20 designed to 'secure expert advice' from agencies every time a court is presented with an issue
21 conceivably within the agency's ambit." *Id.* at 1114 (internal quotations omitted). "It is to be used
22 only if a claim requires resolution of an issue of first impression, or of a particularly complicated
23 issue that Congress has committed to a regulatory agency." *Id.* (internal quotations omitted).

24 As recounted in the prior order, courts in this district have divided on whether the lack of
25 final guidance concerning "evaporated cane juice" warrants application of primary jurisdiction in
26 light of existing regulation concerning the terms "sugar," "juice," and "cane syrup," as well as the
27 general requirement that food must be labeled with "[t]he common or usual name of a food." The
28 majority of decisions issued after the FDA's latest notice, however, have concluded that similar

cases concerning evaporated cane juice claims should be stayed or dismissed under the primary jurisdiction doctrine. *See, e.g., Swearingen v. Santa Cruz Natural Inc.*, Case No. 13-04291-SI, 2014 WL 1339775, at *3 (N.D. Cal. Apr. 2, 2014) (dismissing the case without prejudice); *Figy v. Amy's Kitchen, Inc.*, Case No. 13-03816-SI, 2014 WL 1379915, at *4 (N.D. Cal. Apr. 9, 2014) (same); *Reese v. Odwalla*, Case No. 13-947-YGR, 2014 WL 1244940 (N.D. Cal. Mar. 25, 2014) (staying the case); *Figy v. Lifeway Foods, Inc.*, Case No. 13-4828-TEH, 2014 WL 1779251 (N.D. Cal. May 5, 2014) (same). Others have not. *See, e.g., Pratt v. Whole Foods Mkt. California, Inc.*, Case No. 12-05652, 2014 WL 1324288, at *7 (N.D. Cal. Mar. 31, 2014); *Leonhart v. Nature's Path Foods, Inc.* Case No. 13-492-EJD, 2014 WL 1338161, at * 6–7 (N.D. Cal. Mar. 31, 2014); *Swearingen v. Amazon Preservation Partners, Inc.*, Case No. 13-4402-WHO, 2014 WL 1100944, at *4 & n.3 (N.D. Cal. Mar. 18, 2014).

Plaintiffs argue the FDA is not engaged in formal rulemaking, unlike the agency action at issue in *Clark*, and that even final guidance will not be binding on either the agency or manufacturers. *See* 21 C.F.R. § 10.115 ("Guidance documents do not establish legally enforceable rights or responsibilities. They do not legally bind the public or FDA."). That is true. The March 2014 notice does indicate, however, that the FDA is actively engaged with the very issue presented in this litigation, one which has prompted a flurry of litigation in this district and others.

The question of evaporated cane juice labeling presents a host of technical issues uniquely within the agency's expertise. For example, the FDA has specifically solicited comment on "(1) The basic nature and characterizing properties of the ingredient in question; (2) the method of production of this ingredient; and (3) the difference between this ingredient and other sweeteners made from sugar cane, e.g., molasses, raw sugar, brown sugar, turbinado sugar, muscovado sugar, and demerara sugar." 79 Fed. Reg. 12507-01. "Deferring to the FDA for resolution of these issues 'will enhance decision-making and efficiency by allowing the court to take advantage of administrative expertise.'" *Figy v. Amy's Kitchen, Inc.*, 2014 WL 1379915, at *3 (quoting *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1051 (9th Cir. 2000)).

Moreover, unlike the 2009 guidance, which lingered for more than four years without any final agency action, the FDA has signaled here that it intends to issue final guidance after the

comment period closes in May 2014 "in accordance with FDA's good guidance practice regulations in 21 CFR 10.115." *Id; see also Figy v. Lifeway Foods, Inc.*, 2014 WL 1779251, at *4 (concluding that the FDA is likely to make a final pronouncement on this issue). Considering the need for uniformity as well as the particular expertise the FDA may bring to bear on this issue in light of its renewed effort to offer guidance on use of the term "evaporated cane juice," it is appropriate to apply the primary jurisdiction doctrine.

A court presented with an issue to which agency deference is due under the primary jurisdiction doctrine has the discretion either to stay the case or to dismiss it without prejudice. "Normally, if the court concludes that the dispute which forms the basis of the action is within the agency's primary jurisdiction, the case should be dismissed without prejudice so that the parties may pursue their administrative remedies." *Syntek Semiconductor Co. v. Microchip Tech., Inc.*, 307 F.3d 775, 782 (9th Cir. 2002) (amended); *Astiana v. Hain Celestial Grp., Inc.*, 905 F.Supp.2d 1013, 1015 (N.D. Cal. 2012) (if doctrine applies, court can either stay proceedings or dismiss the case without prejudice.) However, a court should retain jurisdiction where a dismissal without prejudice would work to the disadvantage of a party, most commonly because there is a risk the statute of limitation may run on the claims pending agency action. *Davel Commc'ns, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1091 (9th Cir. 2006).

It is not necessary in this case for the court to maintain jurisdiction. Plaintiffs suggest that statute of limitations concerns might arise if the FDA fails to act in a timely fashion following the renewed comment period, or that difficult tolling questions might arise in any subsequent litigation. Numerous courts within this district, however, have dismissed similar claims without prejudice on primary jurisdiction grounds. *See, e.g., Swearingen v. Santa Cruz Natural Inc.*, 2014 WL 1339775; *Figy v. Amy's Kitchen, Inc.*, 2014 WL 1379915; *Hood v. Wholesoy & Co, Modesto Wholesoy Co. LLC*, 12-CV-5550-YGR, 2013 WL 3553979 (N.D. Cal. July 12, 2013). Plaintiffs in this case seek primarily injunctive relief on behalf of a putative class for various products purchased throughout a four-year period preceding this litigation. Should some amount of time elapse before the FDA issues final guidance on this issue, no particular disadvantage inures to the plaintiffs.

1    In light of the FDA's recent decision (announced subsequent to this court's prior order) to
2 engage in active consideration of the issue presented by plaintiffs' claim, it is appropriate to grant
3 defendant's motion for reconsideration.  The case is therefore dismissed, without prejudice, pursuant
4 to the doctrine of primary jurisdiction.

6    IT IS SO ORDERED.

8 Dated: May 20, 2014
      _____
9           RICHARD SEEBORG
            UNITED STATES DISTRICT JUDGE