United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARY P. SWEARINGEN, et al.,

        Plaintiffs,

    v.

YUCATAN FOODS, L.P.,

        Defendant.

Case No.   13-cv-03544-RS

**ORDER GRANTING MOTION TO RECONSIDER**

## I.   INTRODUCTION

In this putative consumer class action arising from defendant Yucatan Foods, L.P.'s allegedly improper use of the term "evaporated cane juice" in lieu of "sugar" on labels for its avocado products, plaintiffs Mary Swearingen and Joshua Ogden move to alter/amend or obtain relief from the Court's judgment dismissing their case without prejudice under the primary jurisdiction doctrine.  As plaintiffs contemplate further proceedings pending FDA action and may lose a year or more of their class period if forced to refile, their motion to convert the Court's dismissal into a stay is granted.

## II.   BACKGROUND

Defendant Yucatan Foods, L.P. markets and sells a number of guacamole products, each of which lists "evaporated cane juice" ("ECJ") as an ingredient.  According to Plaintiffs, Yucatan's use of the term "ECJ" in place of "sugar" violates Food and Drug Administration ("FDA") regulations that require food labels to reflect ingredients' common or usual names.  *See* 21 C.F.R.

1    §§ 101.4(a)(1), 102.5.  Plaintiffs further aver that Yucatan's failure to comply with these FDA

2    regulations violates California's Sherman Law, Health and Safety Code § 109875, *et seq.*, and

3    therefore constitutes an unlawful business practice under California's Unfair Competition Law,

4    Business and Professions Code § 17200, *et seq.*

5           Plaintiffs filed their class action complaint on July 31, 2013.  Yucatan's motion to dismiss

6    was initially denied on February 7, 2014.  On March 31, 2014, Yucatan filed a motion for

7    reconsideration in light of the doctrine of primary jurisdiction, which was granted on May 20,

8    2014, dismissing the case without prejudice.  Plaintiffs then filed for leave to file a motion for

9    reconsideration, which was denied on June 9, 2014.  Plaintiffs now move under Rules 59(e) and

10   Rule 60(b) for this case to be reinstated and stayed.[1]

## III.    LEGAL STANDARD

12          A district court may reconsider entry of judgment against a party under either Federal Rule

13   of Civil Procedure 59(e) or Rule 60(b).  *School Dist. No 1J v. ACandS, Inc.*, F.3d 1255, 1262 (9th

14   Cir. 1993).  Rule 59(e) allows parties to move the court to alter or amend judgment.  Such a

15   remedy is usually not granted, absent extraordinary circumstances, unless the district court is

16   presented with newly discovered evidence; has committed clear error; there is an intervening

17   change in the controlling law; or it is necessary to prevent manifest injustice.  *McDowell v.*

18   *Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc); *389 Orange St. Partners v. Arnold,*

19   179 F.3d 656, 665 (9th Cir. 1999).   Yet relief under Rule 59(e) is not strictly limited to such

20   circumstances, and courts enjoy considerable discretion in granting or denying Rule 59 motions.

21   *Id.*  The rule may not, however, "be used to relitigate old matters, or raise arguments or present

22   evidence that could have been raised prior to entry of final judgment."  *Exxon Shipping Co. v.*

---

[1] The parties' dispute over the timeliness of this motion, filed on November 14, 2014, is moot.
While a motion to alter or amend a judgment must be filed no later than 28 days after the entry of
the judgment, *see* Fed. R. Civ. P. 59(e), motions for relief under Rule 60(b)(6) need only be made
within a reasonable time.  Fed. R. Civ. P. 60(c)(1).  Furthermore, according to the Ninth Circuit,
Rule 60(b) affords the Court authority to *sua sponte* reconsider one of its prior orders.  *Kingvision
Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 351-52 (9th Cir. 1999).

1    *Baker*, 554 U.S. 471, 485 n.5 (2008).

2         Rule 60(b) provides that district courts may relieve parties from a final judgment based on

3    "mistake, inadvertence, surprise or excusable neglect," Fed. R. Civ. P. 60(b)(1), either by parties

4    or by the judge.  *Kingvision Pay-Per-View v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

5    A court may also vacate a judgment entered against a party for "any other reason that justifies

6    relief."  Fed. R. Civ. P. 60(b)(6).  This catch-all provision "is to be utilized only where

7    extraordinary circumstances prevented a party from taking timely action to prevent or correct an

8    erroneous judgment."  *United States v. Alpine Land & Reservoir Co.,* 984 F .2d 1047, 1049 (9th

9    Cir. 1993) (pointing out that Rule 60(b)(6) is to be used "sparingly as an equitable remedy to

10   prevent manifest injustice").  In considering whether relief is warranted, courts may look to all

11   relevant circumstances, including the danger of prejudice to the adverse party; the length of any

12   delay caused by neglect and its effect on the proceedings; the reason for the delay, including

13   whether it was within the reasonable control of the moving party; and whether the moving party

14   acted in good faith.  *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008).

15        Relief under the rule will not normally be granted unless the moving party is able to show

16   both injury as a result of the initial judgment, and that circumstances beyond its control prevented

17   it from acting in a timely manner to protect its interests.  *Id.*; *see also Lehman v. U.S.,* 154 F.3d

18   1010, 1017 (9th Cir. 1998).  To meet its burden, a party seeking reconsideration must demonstrate

19   more than a mere disagreement with the court's decision.  "[R]ecapitulation of the cases and

20   arguments considered by the court before rendering its original decision" will not suffice.  *United*

21   *States v. Westlands Water District,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

22                          **IV.     DISCUSSION**

23        Plaintiffs' request for relief is technically deficient in that it purely attempts to relitigate the

24   prior motion to dismiss.  Yielding to the Court's earlier finding that primary jurisdiction doctrine

25   applies, plaintiffs recycle their arguments that the dismissal should nevertheless be reversed on the

26   following grounds: first, that plaintiffs contemplate further judicial proceedings once the FDA

27   releases its final guidance on use of the term ECJ; and second, that having to refile their case at a

28

United States District Court
Northern District of California

ORDER GRANTING MOTION TO RECONSIDER
CASE NO. 13-cv-03544-RS

1   future date will cause plaintiffs to suffer unfair prejudice.  Based on the unique circumstances at

2   hand and lack of prejudice to defendant, however, the case shall be reinstated and stayed.

3          According to the Ninth Circuit, a stay is generally appropriate where dismissal without

4   prejudice would disadvantage a party due to the running of the applicable statute of limitations, or

5   because the party expects to engage in future judicial proceedings following the awaited

6   administrative action.  *Davel Communications, Inc. v. Qwest Corp.*, 460 F.3d 1075, 1091 (9th Cir.

7   2006); *Northern California District Council of Hod Carriers v. Opinski*, 673 F.2d 1074, 1076 (9th

8   Cir. 1982).  Here, plaintiffs argue that having to refile their putative class action after the FDA

9   releases its final guidance document may foreclose the class from raising otherwise-viable claims

10  to money damages, owing both to the California Unfair Competition Law's four-year statute of

11  limitations and the shortened putative class period a new filing date would cause.  To the extent

12  that plaintiffs state claims for damages in addition to their prayer for injunctive relief, a stay is

13  therefore appropriate.

14         Further, while Yucatan contends that it ought not to be compelled to commit resources to a

15  case held open indefinitely, a stay would mainly entail use of the Court's resources.  Indeed,

16  Yucatan remains subject to suit throughout the period of FDA consideration of the relevant matter.

17  A stay, by definition, will not require Yucatan to make court appearances or engage in legal

18  oversight it would not otherwise undertake.

19                          **V.      CONCLUSION**

20         Given the lack of apparent prejudice to Yucatan balanced against the harm dismissal could

21  inflict on plaintiffs, the prior judgment entered after a dismissal of the complaint without prejudice

22  is vacated and the case is hereby reinstated and stayed.  The parties must notify the Court within

23  ten days of any relevant action taken by the FDA, and if no such action has occurred six months

24  from the date of this order, file a report updating the Court.  *See Gitson v. Trader Joe's Company*,

25  2014 WL 3933921 (N.D. Cal. Aug. 8, 2014).

26

27

28

United States District Court
Northern District of California

1

2     **IT IS SO ORDERED**.

3     Dated: January 30, 2015

4     _____

5     RICHARD SEEBORG
      United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California